# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

  v.                                          Case No. 18-CR-227

**PERRY HICKS**
        **Defendant.**

## DECISION AND ORDER

Defendant Perry Hicks requests reconsideration of the denial of his motion for compassionate release. For the reasons that follow, I deny his request.

## I. BACKGROUND

On June 10, 2019, I sentenced defendant to 132 months in prison on his guilty plea to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine. (R. 37.) On June 25, 2020, defendant filed a pro se letter seeking compassionate release. (R. 78.) I appointed counsel under the CJA (R. 82), and on August 10, 2020, counsel filed a supplement on defendant's behalf (R. 87). After obtaining a response from the government (R. 89) and a reply from the defense (R. 94, 95), I denied the motion on October 7, 2020 (R. 96).

Defendant sought release based on obesity and asthma, arguing that these conditions increased his risk of COVID-19 complications. (R. 96 at 7.) He further noted that his facility, FCI Lompoc, had experienced a severe COVID-19 outbreak. (R. 96 at 8.) In finding that defendant failed to establish "extraordinary and compelling reasons" for release, as required by the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i), I noted that he barely qualified as obese based on his BMI, nothing in the medical evidence suggested that his weight

caused him any problems, his asthma appeared to be mild and under control, and the conditions at Lompoc appeared to have improved. (R. 96 at 12-14.) I further noted that defendant had already contracted COVID-19, his case was asymptomatic, and he alleged no lingering effects of the virus.[1] (R. 96 at 13-14.) Finally, I noted that even if defendant could demonstrate extraordinary and compelling reasons for release, the sentencing factors under 18 U.S.C. § 3553(a) weighed against granting his request. (R. 96 at 14-15.) I concluded that releasing defendant after he had served barely 1 year of an 11-year prison term for a serious drug trafficking offense—which he committed while on bond in another federal drug case—would undermine the goals of the original sentence. (R. 96 at 15.)

On October 19, 2020, defendant filed a pro se motion for reconsideration. On October 21, 2020, his lawyer filed a notice of appeal. On November 9, 2020, defendant filed a pro se motion to proceed with the reconsideration request; on December 18, 2020, he filed a supplement to his request for reconsideration; and on February 3, 2021, he filed an amendment to his request for reconsideration. On March 26, 2021, the Seventh Circuit dismissed the appeal for lack of prosecution.[2]

---

[1] The government argued that, having contracted the virus and recovered, defendant could not demonstrate extraordinary and compelling reasons for release. (R. 89 at 8.) I declined to adopt a rigid rule that a person who had recovered from the virus could never demonstrate extraordinary and compelling reasons. Instead, I endorsed "an individualized determination, which should include consideration of the prisoner's specific medical problems and their severity, the course of his recovery from the virus, whether he displays any lingering symptoms or effects, and the conditions at his particular facility." (R. 96 at 12.)

[2] Because the appeal has been dismissed, I need not consider whether I have jurisdiction to decide the motion for reconsideration. See United States v. Thompson, No. 04-CR-461-1, 2020 U.S. Dist. LEXIS 244571, at *2 (N.D. Ill. Dec. 30, 2020) (noting that the filing of a notice of appeal divests the district court of jurisdiction, although Fed. R. Crim. P. 37 provides a limited exception to the general rule).

## II. DISCUSSION

A motion for reconsideration may be appropriate where the court has misapprehended the issues, where a significant change in the law has occurred, or where significant new facts have been discovered. United States v. Redmond, No. 3:14-CR-30109-NJR, 2020 U.S. Dist. LEXIS 233863, at *3 (S.D. Ill. Dec. 14, 2020); see also United States v. Rollins, 607 F.3d 500, 502 (7th Cir. 2010) (discussing motions for reconsideration in criminal cases). Defendant fails to establish a basis for reconsideration here. I address each of his three submissions in turn.

### A. October 2020 Motion

In his initial motion for reconsideration, defendant asks the court to consider reports from the Office of the Inspector General ("OIG") and Dr. Homer Venters noting deficiencies in the COVID-19 response at FCI Lompoc; he also notes that the ACLU had filed a class action lawsuit based on the conditions at Lompoc. (R. 97 at 2-4.) Defendant states that there have been about 900 COVID-19 cases at the facility, including his, and he contends that he experienced extreme headaches, shortness of breath, and body aches. (R. 97 at 4.) He indicates that he was fortunate to have survived but worries about the next outbreak. (R. 97 at 4-5.) He notes that re-infection is possible and the second case could be more dangerous than the first. (R. 96 at 5.) He names several inmates who died of COVID-19 after either testing negative or being pronounced recovered by the BOP. (R. 97 at 6.) He indicates that due to his asthma and obesity he is concerned about a second wave of infections. (R. 97 at 6-7.) He also cites a number of cases, including United States v. Common (R. 97 at 8-9), which he contends is similar to his case. Defendant further argues that the § 3553(a) factors are satisfied. He indicates that his incarceration has provided time to reflect and realize what is

3

important. (R. 97 at 10.) He states that he made an egregious mistake and is sorry to the community for the harm he caused. (R. 97 at 10.) He concludes that the time he has served has deterred him from further crimes and asks for another chance. (R. 97 at 11.)

The OIG report is based on a remote inspection completed between April 23 and May 1, 2020. (R. 97 at 16.) While the report criticizes several aspects of the BOP's pandemic response, defendant fails to link those criticisms to his particular case. The Venters report, dated September 25, 2020 (R. 97 at 40), generally indicates that Lompoc has improved in some areas (R. 97 at 50) but several deficiencies still exist (R. 97 at 51). Dr. Venters makes various recommendations to mitigate the effects of the pandemic. (R. 97 at 53-56.) Again, however, defendant does not link those findings and recommendations to his specific situation. See United States v. Mitchell, No: 3:16-cr-57-J-32PDB, 2020 U.S. Dist. LEXIS 229013, at *4 (M.D. Fla. Dec. 7, 2020) (noting that the remedy for the deficiencies noted to the OIG and Venters reports is not "is not necessarily to grant compassionate release to any given inmate at the facility").

Defendant's claim that he experienced severe symptoms during his first COVID-19 infection is contradicted by the medical records submitted with the original briefing, which showed that defendant's case was asymptomatic. (R. 96 at 10, citing R. 91 at 29-30; R. 96 at 13, citing R. 91 at 8.) Defendant presents no additional medical evidence substantiating his claims.

In the original order, I acknowledged the possibility defendant could be reinfected, and that the second case could be symptomatic. But after considering his medical conditions, his course of recovery, the absence of lingering symptoms, and the current conditions at his facility, I concluded that defendant failed to demonstrate that his situation was extraordinary and his

need for release compelling. (R. 96 at 13-14.) In that order, I also discussed the Common decision upon which defendant now relies (R. 96 at 11, 13); the other cases he cites pre-date my original order and thus are not new.

Finally, defendant's brief discussion of the § 3553(a) factors provides no basis for reconsideration. While it is good that defendant has used his time for reflection, it remains my view that releasing him after he has served but a fraction of his sentence would undermine the goals of the original sentence. As indicated in the original order,

> a significant prison term is warranted in this case, to reflect the seriousness of the offense, which involved a substantial amount of methamphetamine; to try to promote respect for the law and deter defendant, as being on bond in another federal drug case did not suffice; and to protect the public from further drug trafficking. Defendant served a lengthy prison sentence in the past, yet returned to criminal activity within a few years of discharging in that case. (R. 86 at 11.) Given his record, I cannot have confidence that supervised release, even with a home confinement condition, will suffice to protect the public and deter.

(R. 96 at 15.)

**B.    December 2020 Supplement**

In the December 2020 supplement, defendant contends that there have been dramatic developments in the law and in the situation at Lompoc. (R. 105 at 1.) First, he notes that several courts of appeals, including the Seventh Circuit, have held that U.S.S.G. § 1B1.13 does not limit the district court's discretion in deciding a compassionate release motion. (R. 105 at 1-2.) I adopted this position in my original order in this case. (R. 96 at 5, indicating that "the Commission's policy statement does not constrain a court's independent assessment of whether extraordinary and compelling reasons warrant a sentence reduction under § 3582(c)(1)(A)".) Accordingly, these decisions do not represent a change in the law supporting reconsideration.

5

Second, defendant states that the OIG report and the Venters report concerning deficiencies in the COVID-19 response were correct, as the virus had returned to Lompoc with 13 inmates and one staff member infected. (R 105 at 2; R. 105-1 at 1.) Noting the government's previous argument that recovered inmates will likely not become reinfected, defendant cites articles discussing reinfection. (R. 105 at 3; R. 105-1 at 2-25.) Again, this is not new, as I acknowledged that possibility in the original order. (R. 96 at 12.) I also acknowledged the possibility that prison conditions could change. (R. 96 at 14.)

Third, defendant contends that medical staff have refused to retest inmates, meaning cases of reinfection are discovered only if the inmate is sent to an outside hospital. (R. 105 at 4; R. 105-2 at 1-4.) He contends that this substantiates the concerns raised in the OIG and Venters reports. (R. 105 at 4.) He further contends that Lompoc remains a hot spot and is not getting any better. (R. 105 at 5.) He later states that there are 12 hospitalizations of reinfected COVID-19 cases. (R. 105 at 6.) While these developments show that the threat has not completely abated, defendant does not address the primary reasons for my denial of his motion: his failure to demonstrate that his particular situation is extraordinary. Moreover, FCI Lompoc currently reports no positive inmates or staff members, and 614 inmates and 23 staff members recovered.[3] The BOP also reports 214 staff and 788 inmate vaccinations at Lompoc.[4]

Fourth, defendant asks the court to consider three recent cases in which inmates were released after serving a fraction of their sentences. (R. 105 at 5.) In United States v. Jones,

---

[3]https://www.bop.gov/coronavirus/ (last visited April 28, 2021).

[4]https://www.bop.gov/coronavirus/ (last visited April 28, 2021).

6

980 F.3d 1098, 1115 (6th Cir. 2020), the court of appeals affirmed the denial of a compassionate release motion based in part on the district judge's observation that the prisoner had served just two years of a ten-year sentence. The other two cases, United States v. Ferizi, No. 16-CR-42-LMB (E.D. Va. Dec. 3, 2020) and United States v. Jeff Lebowski (D.N.J. 2020), do not appear in commercial databases, and defendant does not provide a copies, so it is impossible to determine whether they are relevant. In any event, it is highly unlikely that the sort of intervening change in the law that might support reconsideration will not be found in unpublished district court cases from other circuits. See Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990) (explaining that a motion for reconsideration may be granted based on a controlling or significant change in the law).

**C.    February 2021 Amendment**

In the February 2021 amendment, defendant notes that the risk of reinfection is higher in prison or jail. (R. 106 at 1-2.) Again, this is not new; in the original order, I cited CDC materials on the heightened risk in prison. (R. 96 at 8.)

Defendant mentions a particular inmate who tested positive in May 2020, recovered, and then became reinfected and died. He further states that as of December 2020 the Lompoc Federal Correctional Complex has had over 65 reinfection cases. (R. 106 at 2.) The specifics may be new, but the risk of reinfection is one I acknowledged in the original order. Defendant's brief reference to the new, more contagious variants (R. 105 at 3) also provides no basis for reconsideration.

Finally, defendant indicates that he has not yet been vaccinated. (R. 105 at 3.) As indicated above, it appears the BOP has now vaccinated hundreds of inmates at the Lompoc Complex.

7

### III.  CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motion for reconsideration (R. 97, 104) is denied.

Dated at Milwaukee, Wisconsin, this 28th day of April, 2021.

/s/ Lynn Adelman
LYNN ADELMAN
District Judge